UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEONARD C. JOHNSON,

Petitioner,

-v-

UNITED STATES OF AMERICA,

Respondent.

09 Civ. 5554 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

Leonard C. Johnson ("Johnson") brings this petition for a writ of habeas corpus under 28 U.S.C. § 2255, following his April 5, 2000 conviction in this District on the following counts: (1) bank robbery, in violation of 18 U.S.C. § 2113(a); (2) armed bank robbery, in violation of 18 U.S.C. § 2113(d); and (3) use and carrying of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c).

In 2008, following a prior petition, the Second Circuit vacated Johnson's conviction on Count One, because that Count, charging a lesser included offense, should have merged into his conviction on Count Two. *See Johnson v. United States*, 293 F. App'x 789, 790–91 (2d Cir. 2008) (summary order). Johnson now seeks to have his conviction on Count Three vacated, primarily on the grounds that Count Three, as charged in the Indictment, is based on his now-vacated conviction on Count One. On December 6, 2011, the Hon. Kevin N. Fox, United States Magistrate Judge, issued a Report and Recommendation (the "R&R"). The R&R rejected most of Johnson's arguments for relief, but ultimately recommended that the petition be granted, and Johnson's conviction and sentence on Count Three be vacated, on the ground that sustaining Count Three is inconsistent with due process.

For the following reasons, the Court does not adopt the recommendation that Johnson's conviction and sentence on Count Three be vacated based on the Due Process Clause, and the related conclusion that counsel had been ineffective in not timely raising the claim that Count Three violated due process. The Court agrees, however, with the R&R that Johnson's other arguments for relief are without merit. Johnson's petition is, therefore, denied.

## I. Background[1]

As the R&R recounts in detail, the evidence at trial established that on August 10, 1998, Johnson robbed a New York National Bank branch located at 2256 Second Avenue. After approaching the teller station, Johnson passed a note through the metallic money tray installed in the bulletproof glass separating the teller from customers. The note read: "This is a stick-up. Hand over all the money and no one will be hurt or shot. Don't push no under the counter buttons. Have a Bless Day." The teller read the note and looked up to see that Johnson was pointing a pistol at her through the metallic money tray. The teller passed $4,146 to Johnson, who placed it in a bag and left the bank. Upon investigation, the Federal Bureau of Investigation ("FBI") found a palm-print on the metallic money tray and three fingerprints on the note Johnson had handed the teller. These prints all matched Johnson's.

On August 11, 1998, the day after the robbery, Johnson returned to the bank. Upon seeing him, the teller screamed: "That's him. That's him." Johnson immediately fled. On August 26, 1998, Johnson was stopped by police officers in North Carolina while driving in a car with two other men. The three men were fleeing the scene of another bank robbery they had just committed. In the car, the police found clothes and a pistol matching the description of those used by Johnson in the August 10 robbery.

[1] The Court's account of the underlying facts is drawn from the R&R. The parties do not dispute these facts.

## II. Procedural History

### A. The Indictment, Trial, and Direct Appeal

On November 15, 1999, a federal grand jury in New York returned an indictment charging Johnson in three counts: (1) bank robbery; (2) armed bank robbery; and (3) using a firearm during and in relation to a crime of violence. The third count, charging a violation of 18 U.S.C. § 924(c), alleged that Johnson "unlawfully, willfully, and knowingly, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, did use and carry a firearm, to wit, . . . the defendant used and brandished a pistol in the bank robbery charged in Count One." Johnson pleaded not guilty.

At trial, the Government presented evidence including: the testimony of the teller whom Johnson had threatened during the robbery; Johnson's fingerprints on the note and palm-print on the money tray; and the physical evidence seized from the car at the time of Johnson's arrest. The Hon. Jed S. Rakoff, to whom the case was then assigned, instructed the jury in connection with Count Three as follows:

> If you find defendant guilty of bank robbery of the New York National Bank on or about August 10, 1998, then whether or not you also find him guilty of armed bank robbery, you must also consider the third charge against the defendant, which is that during and in relation to the robbery of the New York National Bank on or about August 10, 1998, he unlawfully, willfully and knowingly carried and used a firearm.

On April 5, 2000, the jury convicted Johnson on all three counts.

On September 28, 2000, Judge Rakoff sentenced Johnson to 240 months imprisonment for Count One and 274 months imprisonment for Count Two. These sentences were to run concurrently with each other and with a 360-month term Johnson was serving in connection with

the North Carolina bank robbery. On Count Three, Judge Rakoff sentenced Johnson to 300 months, to run consecutively to his other terms of imprisonment.[2]

Johnson appealed his conviction. He challenged various evidentiary rulings, argued that trial counsel was ineffective, and challenged his sentence. Johnson did not argue that his conviction violated the Double Jeopardy Clause. The Second Circuit affirmed his conviction. *United States v. Johnson*, 24 F. App'x 70 (2d Cir. 2002) (summary order).

**B. Johnson's First § 2255 Petition and His Second Appeal**

In December 2002, Johnson, proceeding *pro se*, filed his first § 2255 petition, claiming ineffective assistance of counsel. Johnson did not raise a Double Jeopardy argument. On June 1, 2006, Magistrate Judge Frank Maas issued a report recommending denial of Johnson's petition and denial of a certificate of appealability.

On June 23, 2006, Johnson submitted objections to Judge Maas's recommendation. There, he argued for the first time that his convictions on Counts One and Two, arising out of the same bank robbery, violated the Double Jeopardy Clause of the Fifth Amendment. On August 14, 2006, Judge Rakoff adopted Judge Maas's recommendation, denying the petition and denying a certificate of appealability. Referring to Johnson's Double Jeopardy argument, Judge Rakoff wrote: "[T]he new arguments raised in petitioner's objections—assuming arguendo that they are properly before this Court despite not having been raised below—are so entirely without merit as to warrant no further discussion." *See* No. 99 Cr. 1159 (JSR), Dkt. 44.

Johnson then sought a certificate of appealability from the Second Circuit. It granted his request on two questions: (1) whether Johnson's Double Jeopardy claim was waived as a result

[2] Johnson was subject to a mandatory 25-year consecutive term on Count Three pursuant to 18 U.S.C. § 924(c)(1)(C)(i), because this was his second conviction under this subsection, the first being related to the North Carolina bank robbery. Johnson's sentence also included a five-year term of supervised release, restitution of $4,100, and a mandatory special assessment of $300.

of his failure to raise it on direct appeal and his having raised it, for the first time, in his objections to Judge Maas's report; and (2) whether Johnson's convictions and sentences on both Counts One and Two were impermissible in light of *United States v. Sappe*, 898 F.2d 878 (2d Cir. 1990) (holding that convictions under § 2113(a) or (b) are merged into convictions under § 2113(d)). At argument, the Government conceded that, under *Sappe*, Johnson's conviction on Count One should have been merged into Count Two at the time of sentencing; however, it argued that Johnson was procedurally barred from raising this argument. The Second Circuit, without addressing the claim of a procedural bar, agreed that it had been error, under *Sappe*, for the district court to enter separate convictions and sentences on Counts One and Two in connection with the same bank robbery. Accordingly, the Court vacated Johnson's conviction on Count One. *See Johnson v. United States*, 293 F. App'x 789 (2d Cir. 2008). Because the sentences ran concurrently, however, this did not change Johnson's aggregate sentence. The Second Circuit declined to remand the matter for resentencing and affirmed the judgment as modified. *Id.*

**C. Johnson's Second § 2255 Petition and *Magwood***

On April 19, 2009, Johnson filed a second § 2255 petition, challenging the modified judgment. No. 09 Civ. 5554, Dkt. 1. On October 26, 2009, Judge Fox issued a report recommending that Johnson's petition be transferred to the Second Circuit as a second or successive petition. No. 09 Civ. 5554, Dkt. 3. Judge Rakoff adopted that recommendation. No. 09 Civ. 5554, Dkt. 4. On May 5, 2010, the Second Circuit denied Johnson leave to file a second or successive petition, because his claims were not based on newly discovered evidence or a new rule of law made retroactive by the Supreme Court. No. 09 Civ. 5554, Dkt. 5 (citing 28 U.S.C. § 2255(h)).

On June 24, 2010, the Supreme Court decided *Magwood v. Patterson.* It held that where "there is a 'new judgment intervening between the two habeas petitions,' . . . an application challenging the resulting new judgment is not 'second or successive' at all." 130 S. Ct. 2788, 2802 (2010) (citation omitted).

**D. Johnson's Third § 2255 Petition**

On July 29, 2010, Johnson filed an application with the Second Circuit for leave to file a successive § 2255 petition. On October 8, 2010, the Second Circuit ruled that, in light of *Magwood*, Johnson's proposed petition would not be successive "because it is his first § 2255 motion challenging the amended judgment of conviction." *Johnson v. United States*, 623 F.3d 41, 42 (2d Cir. 2010). Accordingly, the Second Circuit denied the successive application as unnecessary. It transferred the matter to the district court with instructions that Johnson's new petition be accepted for filing. *Id.*

This petition followed. Judge Fox construed Johnson's petition as making four primary arguments, and this Court does the same. First, Johnson argues that the Second Circuit erred in vacating Count One, rather than Count Two. *See* Pet. 7. Second, Johnson argues that Count Three was duplicitous because it charged him with using, carrying, and brandishing a gun, and these, Johnson argues, constitute three separate crimes. *See id.* at 8. Third, Johnson argues that his conviction and sentence on Count Three must be vacated, because that Count expressly referenced Count One, which was subsequently vacated. *See id*. Finally, Johnson argues that he received ineffective assistance of counsel at trial, at sentencing, on direct appeal, and in post-conviction proceedings. *See id.*

On July 1, 2011, the Government filed an opposition to Johnson's petition. *See* No. 99 Cr. 1159, Dkt. 53. On August 29, 2011, Johnson filed a reply. *See* No. 99 Cr. 1159, Dkt. 55.[3]

On December 6, 2011 Judge Fox issued the R&R. *See* No. 09 Civ. 5554, Dkt. 15. It made recommendations as to Johnson's arguments, and the Government's arguments in opposition. These recommendations are summarized below.

On January 27, 2012, the Government filed its objections to the R&R.[4] *See* No. 09 Civ. 5554, Dkt. 18 ("Gov't Obj."). Johnson did not file any objections.

## III. Legal Standard

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court shall make a *de novo* determination of those portions of the report to which a party objects. 28 U.S.C. § 636(b)(1). Where no objection is made, the Court reviews the report for clear error. *See McDonagh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009).

## IV. Discussion

As noted, Johnson's petition raises four claims. The Court addresses these claims after first addressing the Government's argument that Johnson is procedurally barred from bringing these claims.

---

[3] On September 30, 2011, the case was reassigned to this Court.

[4] The parties' objections to the R&R were originally due on December 23, 2011. On December 20, 2011, the Court granted the Government an extension of the time to file its objections until January 20, 2012. *See* No. 09 Civ. 5554, Dkt. 16. On January 20, 2012, the Court granted the Government another extension, until January 27, 2012. *See* No. 99 Cr. 1159, Dkt. 56. In light of these extensions of time, the Court denies Johnson's motion—made by letter dated February 7, 2012—to dismiss the Government's objections as untimely.

**A. Procedural Bar**

"[I]f a petitioner fails to assert a claim on direct review, he is barred from raising the claim in a subsequent § 2255 proceeding unless he can establish [1] both cause for the procedural default and actual prejudice resulting therefrom or [2] that he is 'actually innocent' of the crime of which he was convicted." *DeJesus v. United States*, 161 F.3d 99, 102 (2d Cir. 1998) (citing *Bousley v. United States*, 523 U.S. 614 (1998)). To demonstrate cause, "the prisoner [must] show that some objective factor external to the defense impeded counsel's efforts." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To demonstrate prejudice, a petitioner must show that the degree of prejudice resulting from any error "infect[ed] his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982).[5]

On direct appeal, Johnson did not raise the claims asserted in this petition, nor did he raise them in his initial § 2255 petition. Accordingly, the Government argues that his claims are procedurally barred. Judge Fox, in the R&R, rejected this argument on what appear to be alternative grounds. First, he noted, the Second Circuit had addressed the merits of Johnson's first § 2255 petition without discussing the issue of procedural bar.[6] Thus, Judge Fox stated, the Second Circuit had implicitly held that Johnson's claims were not barred. R&R 13–14. Second, the R&R concluded, Johnson has demonstrated cause for his failure to raise his claims on direct appeal. That was because Johnson is now challenging his judgment *as modified* by the Second Circuit, and by its nature, that challenge could not have been brought on direct appeal of his conviction, or until the conviction on Count One had been vacated. The R&R also stated that prejudice necessarily occurred if it were the case that Count Three, which carried a mandatory

[5] The actual innocence standard is irrelevant here: Johnson does not claim actual innocence.

[6] The district court had assumed, *arguendo*, that procedural bar did not apply. *See* No. 99 Cr. 1159 (JSR), Dkt. 44.

consecutive 25-year term of imprisonment, was infirm. Thus, the R&R stated, Johnson's failure to raise his claims on direct appeal was excused. *Id.* at 14–15.[7]

In its opposition, the Government took issue with the R&R's analysis. First, it disputed that the Second Circuit's failure to address procedural bar reflected an implicit finding that there was no bar. And, it argued, whether Johnson's latest claim—the challenge here to Count Three—is barred presents a separate question from whether his challenge to the dual convictions on Counts One and Two was barred. Gov't Obj. 17–18. As to the R&R's recommendation that cause be found for Johnson's failure to raise his present challenge at an earlier date, the Government argued that Johnson could easily have argued, in the course of explaining why his convictions on Counts One and Two were required to be merged, that vacating the conviction on Count One would necessitate vacating the conviction on Count Three. *Id.* at 19.

Because the Court ultimately finds against Johnson on the merits of his claims, there is no occasion to resolve the question of procedural bar. That said, the Court's assessment is that the Government has articulated a very substantial claim of a procedural bar here. Neither reason given by the R&R for finding cause to permit Johnson's petition to proceed is convincing.

First, even assuming *arguendo* that the Second Circuit's summary order, in *Johnson v. United States*, 293 F. App'x 789 (2d Cir. 2008), bespoke an implicit finding that the claims at issue *there* were not procedurally barred, that order did not address Johnson's present claim, which is different. The Second Circuit addressed only Johnson's claim that his separate convictions and concurrent sentences under Counts One and Two violated the Double Jeopardy

[7] The R&R also stated that the Government had waived its procedural default defense as to Johnson's claims that do not involve Double Jeopardy, presumably because the Government's brief in opposition only specifically addressed Johnson's Double Jeopardy claims. R&R 15–16. Because, for the reasons stated *infra*, the Court does not rely on the procedural bar argument, it need not reach the issue of the Government's waiver.

Clause. The instant petition, however, claims that Johnson's conviction under Count Three violates the Due Process Clause. The Second Circuit's summary order cannot fairly be said to signal that a later-made challenge to Count Three would not be procedurally barred.

Second, the R&R's conclusion that Johnson has established cause for failing to raise his due process claim at the time he argued that his dual convictions on Counts One and Two violated Double Jeopardy is unconvincing.[8] To be sure, at the time that Johnson (who was represented by counsel before the Second Circuit) litigated the Double Jeopardy issue, he could not have known that the Circuit would agree with him and would vacate his conviction on the lesser included Count, Count One. However, that was among the relief that Johnson sought, and it was foreseeable that such relief might be granted, as reflected in the Government's concession before the Second Circuit that the Count One and Count Two convictions could not both stand. It does not ask too much to expect Johnson's habeas counsel, at the time Johnson sought relief from Count One, to also argue that Count Three must be vacated because it is dependent on a conviction on Count One. But habeas counsel did not so argue, and, as a result, the Circuit was not alerted to this claim, which was first made in the present petition.

Such a lapse generally does not constitute cause: "Attorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error.'" *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (quoting *Murray*, 477 U.S. at 488); *see also Engle v. Isaac*, 456 U.S. 107, 134 (1982) ("Where the basis of a constitutional claim is available, and

[8] Johnson has raised several different arguments in this petition. The Court addresses cause only in connection to Johnson's due process challenge to Count Three, and his derivative claim of ineffective assistance of counsel, because these are the only challenges as to which the R&R recommended in Johnson's favor. For the reasons discussed *infra*, Johnson's other claims are all deficient on the merits.

other defense counsel have perceived and litigated that claim, the demands of comity and finality counsel against labeling alleged unawareness of the objection as cause for a procedural default."); *Murray*, 477 U.S. at 488 ("[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default.").

In the end, the Court has no occasion to resolve the claim of a procedural bar. Assuming that Johnson's due process challenge to Count Three and the 25-year consecutive sentence that it mandated were meritorious, whether that challenge was barred at this time would turn on a separate claim he raises, of ineffective assistance of his sentencing and appellate counsel.[9] In essence, Johnson could then prevail on both claims by showing that such counsel, by failing to challenge Count Three and thereby exposing Johnson to an additional 25-year sentence, had been ineffective. However, there is no need to examine that complex question, because the premise is faulty: For the reasons the Count proceeds to explain, sustaining Johnson's conviction on Count Three does not violate due process, notwithstanding Count Three's reference to the now-vacated Count One. The Court accordingly turns to Johnson's four substantive claims.

**B. Double Jeopardy Claim**

Johnson argues that the Second Circuit erred in vacating his conviction on Count One, rather than Count Two. He argues that Count Two was "the count that caused/attached the double jeopardy." Pet. 7. The R&R rejected this argument, on the ground that Count One, which charges a violation of § 2113(a), is a lesser included offense of Count Two, which charges

---

[9] Attorney error is "cause" if it rises to the level of ineffective assistance of counsel. *See Coleman*, 501 U.S. at 754; *Murray*, 477 U.S. at 488. But that rule is inapplicable where counsel's failure occurred during a proceeding in which the petitioner had no constitutional right to counsel, *Coleman*, 501 U.S. at 755–57, such as post-conviction habeas proceedings, *see Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

a violation of § 2113(d), and therefore Count One properly merges into Count Two. R&R 16–19. Neither party objects to that recommendation. Far from finding clear error, the Court holds that the recommendation is correct. *See, e.g.*, *Sappe*, 898 F.2d at 881 (lesser included offense of § 2113 (a) or (b) is merged into conviction under § 2113(d)). This claim is, therefore, rejected.[10]

**C. Duplicitous Indictment Claim**

Johnson next argues that Count Three was duplicitous because it charged him with three separate crimes: using, carrying, and brandishing a gun. Pet. 8. "An indictment is duplicitous if it joins two or more distinct crimes in a single count." *United States v. Aracri*, 968 F.2d 1512, 1518 (2d Cir. 1992) (citation omitted). However, "[a] duplicitous indictment, which alleges several offenses in the same count, must be distinguished from the allegation in a single count of the commission of a crime by several means." *Id.* "Where there are several ways to violate a criminal statute . . . federal pleading requires . . . that an indictment charge [be] in the conjunctive to inform the accused fully of the charges." *United States v. Mejia*, 545 F.3d 179, 207 (2d Cir. 2008) (quoting *United States v. McDonough*, 56 F.3d 381, 390 (2d Cir. 1995)); *see also* Fed. R. Crim. P. 7(c). The R&R concluded that using, carrying, and brandishing a firearm are merely three means of committing a violation of 18 U.S.C. § 924(c), and, therefore, that the indictment is not duplicitous. R&R 20–21. Neither party objects to this recommendation, which the Court agrees with and adopts.[11]

---

[10] The R&R also construed Johnson's petition to argue that the indictment was multiplicitous insofar as it contained two counts (One and Two) charging him with the same offense. The R&R rejected that claim, because any potential violation was remedied by the vacatur of Count One. R&R 19–20. Here, too, neither party objects to this recommendation, and the Court finds no error.

[11] A circuit split exists as to whether § 924(c) criminalizes one or two distinct offenses. *Compare United States v. Savoires*, 430 F.3d 376, 379 (6th Cir. 2005) (two offenses), *and United States v. Gamboa*, 439 F.3d 796, 810 (8th Cir. 2006) (same), *with United States v. Haynes*, 582

**D. Due Process Claim**

As noted, Count Three charged Johnson with using and carrying a firearm during and in relation to a crime of violence, "to wit, . . . the defendant used and brandished a pistol in the bank robbery charged in Count One." Johnson therefore argues that because Count Three was based on Count One, and, because his conviction on Count One has been vacated, his conviction on Count Three must also be vacated. Pet. 8.

The R&R agreed. It noted that, in addition to the fact that Count Three explicitly refers to Count One, Judge Rakoff's instructions presupposed that a conviction on Count Three turned on whether there had been a conviction on Count One. In that regard, he instructed the jury to consider Count Three regardless of its verdict on Count Two:

> If you find the defendant guilty of bank robbery of the New York National Bank on or about August 10, 1998, then whether or not you also find him guilty or armed bank robbery, you must also consider the third charge against the defendant, which is that during and in relation to the robbery of the New York National Bank on or about August 10, 1998 he unlawfully, willfully, and knowingly carried and used a firearm.

The jury thereupon returned the following verdict on Count Three: "On the charge of carrying and using a firearm during and in relation to a bank robbery, we the jury find Leonard Johnson: Guilty."

---

F.3d 686, 704 (7th Cir. 2009) (one offense), *and United States v. Arreola*, 446 F.3d 926, 930 (9th Cir. 2006) (same). Although the Second Circuit has not weighed in on the issue, district courts in this circuit have found the Seventh and Ninth Circuit's reasoning more persuasive. *See, e.g.*, *United States v. Barret*, No. 10-cr-809 (S-3) (KAM), 2011 WL 6780901, at *2 (E.D.N.Y. Nov. 27, 2011); *United States v. Jackson*, 749 F. Supp. 2d 19, 30 (N.D.N.Y. 2010); *Harris v. United States*, No. 09-CV-4380 (ARR), 2010 WL 2710600, at *2 (E.D.N.Y. July 6, 2010). In his petition, Johnson relies on the Sixth Circuit's doctrine. But even assuming that that doctrine governed, it would not assist Johnson. The Sixth Circuit has held that § 924(c) criminalizes the distinct offenses of: (1) "us[ing]" a firearm "during and in relation to" a crime of violence, and (2) "possess[ing]" a firearm "in furtherance of" such crime. But Johnson was not charged with the latter offense. He was only charged with using, carrying, and brandishing a firearm "during and in relation to" a crime of violence. These are not three separate crimes.

In concluding that the conviction on Count Three was required to be vacated, the R&R reasoned that "a rational jury could not have reached its verdict on count three based on count two because the jury instruction specifically directed the jury to disregard its verdict on count two when considering count three." R&R 24. Accordingly, it stated, "[o]nce the Second Circuit vacated Johnson's conviction and sentence on [Count One], it removed the predicate offense underlying the charge of [Count Three.]" *Id.* at 25. It was irrelevant, the R&R stated, that a valid conviction stood on Count Two relating to the same bank robbery, because Count Three was dependent upon a conviction on Count One. *Id.* at 26.

The Government disagrees. It argues that the R&R misperceives the effect of the merger of Counts One and Two. It notes that, although the Double Jeopardy Clause prevented Johnson from being *sentenced* on both Counts One and Two, the merger of these two counts did not mean that the jury's necessary factual findings underpinning each conviction were invalid or must be treated as if they did not exist. Gov't Obj. 23. And, because the jury's factual findings regarding Count One survive, the Government argues, sustaining Count Three does not violate due process. *Id.* at 26.

The Court agrees with the Government. In analyzing the question presented, the Court finds singularly instructive the decision in *United States v. Ansaldi*, 372 F.3d 118 (2d Cir. 2004). In *Ansaldi*, defendants were charged with (1) conspiracy to distribute gamma hydroxybutryic acid ("GHB"); (2) conspiracy to distribute gamma butryolactone ("GBL"); and (3) conspiracy to launder money. *Id.* at 121–22. Under the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq.*, GHB is a Schedule I controlled substance, whereas GBL is only a "listed chemical." *Ansaldi*, 372 F.3d at 121. However, upon human ingestion, GBL converts to GHB. *Id.* Defendants sold GBL over the internet knowing that it converted to GHB upon ingestion, and were charged and

convicted on the three counts listed above. *Id.* at 122. On appeal, the Second Circuit concluded that the first and second counts were multiplicitous. It therefore vacated defendants' convictions for conspiracy to distribute GHB. *Id.* at 124–25.

Defendants argued that such a dismissal of the GHB conspiracy count required vacating the money laundering count, because that count was predicated on, and the jury instructions on that count specifically referred to, the now-vacated GHB count. *Id.* at 125. But the Second Circuit rejected that argument. It explained:

> This argument misunderstands—or badly prejudges—the nature of our holding. A finding of multiplicity, and subsequent vacatur of one of the multiplicitous counts, *does not overturn any of the factual findings made by the jury*. It simply says that, as a matter of law, the jury found the same thing twice. Thus, the decision to vacate the conviction on [the GHB count] does not undercut any part of the jury's findings that Defendants were trafficking in controlled substances, the predicate for the money laundering charge. We do not hold that Defendants were not trafficking in GHB. We do not even hold that it would be impossible for a defendant to be convicted of both distributing GBL and distributing GHB in two separate counts. We simply hold that when an indictment charges a conspiracy to distribute both drugs, and that conspiracy is predicated on the existence of one agreement, only one conviction under 21 U.S.C. § 846 is possible. In other words, despite the jury's findings, which we do not disturb, Congress intended only one punishment for this activity.

*Id.* (emphasis added).

The Second Circuit's analysis in *Ansaldi* applies with equal force here. Just as the GHB and GBL conspiracy charges were multiplicitous because they charged the same conspiracy twice, so too here, Counts One and Two were multiplicitous because they charged the same bank robbery twice. And just as the Second Circuit in *Ansaldi* merged the GHB conviction into the GBL conviction, so too the Second Circuit here has merged Johnson's conviction and sentence on Count One into Count Two. As *Ansaldi* teaches, the merger of Counts One and Two did not disturb the jury's underlying factual finding that Johnson had in fact committed the bank robbery

charged in Count One. The Second Circuit merely held that, as a matter of Double Jeopardy, only one punishment for that conduct was permissible. *Id.*

In so holding, the Second Circuit in *Ansaldi* rejected defendants' claim that there was a "hypothetical possibility" that the jury had premised its verdict on the money laundering count uniquely on the vacated GHB count, without also finding guilt on the intact GBL count, so as to require vacatur of the money laundering count:

> This argument fails because it is not possible, even theoretically, for the jury to have based its [money laundering] finding of guilt on [the GHB count] without also having based the finding on [the GBL count]. Thus, even were we to find that as a matter of law Defendants did not traffic in GHB, there would still be no basis for overturning the jury's verdict on [the money laundering count]. . . . What is not possible is that the jury found that the distribution of GHB was a *separate* act from the distribution of GBL. Consequently, . . . there can be no dispute that the jury found a sufficient factual predicate to support a count of money laundering.

*Id.* at 126 (emphasis in original).

*Ansaldi*'s analysis disposes of Johnson's argument that the jury must (or even may) have premised its guilty verdict on Count Three on its guilty verdict uniquely on Count One, and that the jury might have rendered a different verdict had Count Three referenced Count Two instead. The jury convicted Johnson of bank robbery in Count One, and armed bank robbery in Count Two. As in *Ansaldi*, the jury could not possibly have returned a guilty verdict on Count Two without also finding guilt on Count One, because the two counts concern the same bank robbery, and Count One is nothing more than a lesser included offense of Count Two. Indeed, it is undisputed that "the bank robbery charged in Count One"—the operative language from Count Three on which Johnson seizes—was one and the same as the bank robbery charged in Count Two.

In reaching the contrary conclusion, the R&R relied heavily on Judge Rakoff's jury instructions. These "specifically directed the jury to disregard its verdict on count two when considering count three"; therefore, the R&R reasoned, "a rational jury could not have reached its verdict on count three based on count two." R&R 24. But the jury instructions do not alter the analysis that follows from *Ansaldi*. Because Count Two subsumed Count One, a rational jury that returned a guilty verdict on Count Two necessarily found guilt on Count One. The jury instructions served a different purpose: Because the jury could have found guilt on the lesser included offense of Count One without finding guilt on Count Two, Judge Rakoff's instructions served to clarify that, in the event of an acquittal on Count Two, the jury was still obliged to consider Count Three. But this scenario did not occur. Rather, the jury found guilt on *both* Counts One and Two. These counts charged the exact same bank robbery, much as the two charges in *Ansaldi* charged (and the jury necessarily found) the same conspiracy. Simply put, no rational juror could have found guilt on Count Two but not Count One. There can be no dispute here that the jury found a sufficient factual predicate to support its guilty verdict on Count Three.

In a related argument, the Government contends that the jury found "legally sufficient proof of the underlying offense [of Count One,]" and therefore the vacatur of Count One does not undermine Count Three. The Government finds support for this proposition in *United States v. Zhou*, 428 F.3d 361, 377–79 (2d Cir. 2005). There, the Second Circuit addressed the quantum of proof of a predicate offense that must be established to sustain a related conviction under § 924(c). The court noted that several circuits have held that, although some quantum of proof is required, a conviction on the underlying offense is not. *Id.* at 378 n.15 (citing *United States v. Frye*, 402 F.3d 1123, 1128 (11th Cir. 2005), *United States v. Munoz-Fabela*, 896 F.2d 908, 910–

11 (5th Cir. 1990), and *United States v. Hunter*, 887 F.2d 1001, 1003 (9th Cir. 1989)). But the Second Circuit declined to "map the farthest reaches of the statute," holding simply that:

> [I]f the proof of the predicate crime is so fundamentally deficient that it could not sustain a conviction, then likewise, a conviction under § 924 cannot stand. Indeed, because the commission of the underlying predicate offense is a necessary element of a conviction under § 924(c), both logic and precedent dictate that there must be legally sufficient proof of the underlying offense.

*Id.* at 378–79.

Fairly read, *Zhou* holds that a conviction under § 924(c) requires "legally sufficient proof of the underlying offense." *Id.* Under the facts here, that standard is undoubtedly satisfied. As *Ansaldi* makes clear, the jury's factual findings on Count One are undisturbed. *See Ansaldi*, 372 F.3d at 125. And its factual findings on Count Two, which has not been vacated, independently supply "legally sufficient proof of the underlying offense" of Count One, because Count One is the lesser included offense of Count Two. Therefore, based on its verdict on either count, the jury necessarily found legally sufficient proof of the bank robbery referenced in Count Three.[12]

The Court declines to adopt the R&R's recommendation and denies Johnson's petition.

---

[12] In a final argument, the Government argues harmless error. It asserts that even if Count Three's reference in its "to wit" clause to Count One was improper because Count One was required to be vacated and merged into Count Two in the event of a conviction on both counts, any such error was harmless, because the "to wit" clause was merely a descriptive reference to the same bank robbery charged in both counts. The Court agrees. An indictment is sufficient if it "[1] contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and [2] enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). Here, the indictment satisfies both of those elements. The only hypothetical defect—and the Court finds no defect—is the reference to the bank robbery as "the bank robbery charged in Count One" rather than referring to the robbery without reference to that now-vacated Count. But it is undisputed that the bank robbery underpinning Counts One and Two is the same, and that a jury that returned a verdict of guilt on Count Two necessarily found all the elements of Count One. Thus, even if fashioning the "to wit" clause were fairly claimed to be error, any such defect in the indictment was assuredly harmless. *Cf. Neder v. United States*, 527 U.S. 1, 19 (1999) (omission of an element of the offense in jury instruction is harmless error where record contains no evidence from which a rational juror could have found for defendant on that element).

**E. Ineffective Assistance of Counsel Claim**

Johnson's final argument is that his trial, sentencing, appellate, and post-conviction counsel each provided ineffective assistance. The R&R found that trial counsel was not ineffective, and that Johnson has no right to post-conviction counsel. Neither party objects to these findings, and the Court finds no clear error.

However, the R&R also found that Johnson's sentencing and appellate counsel was ineffective in failing to (1) raise the issue of the merger of Counts One and Two, and (2) raise the issue of the effect of that merger on Count Three. Counsel's failure to raise the issue of merger has long since been remedied, however, inasmuch as the Second Circuit has vacated Johnson's conviction on Count One. *See United States v. Morrison*, 449 U.S. 361, 365 (1981) ("Cases involving Sixth Amendment deprivations are subject to the general rule that remedies should be tailored to the injury suffered from the constitutional violation."). As for the second claim of injury, this Court has now held that the merger of Counts One and Two does not disturb Johnson's conviction on Count Three. *See* Part IV(D), *supra*. Accordingly, counsel was not ineffective in failing to raise that unsuccessful argument, nor would raising it have changed the result of the proceedings. The Court, therefore, finding no cognizable injury to Johnson of the sort that the R&R perceived, declines to adopt the R&R's recommendation that Johnson's sentencing and appellate counsel be found ineffective.

## CONCLUSION

For the reasons stated herein, Johnson's petition is denied. A certificate of appealability is granted with respect to the following claims: (1) that Johnson's conviction on Count Three violated his due process rights, and (2) that Johnson's sentencing and appellate counsel was ineffective in failing to raise this claim. *See Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005); 28 U.S.C. § 2253. The Court declines to issue a certificate of appealability as to Johnson's remaining claims. The Clerk of Court is hereby directed to close this case and to send appeal instructions to the parties.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: January 9, 2013
New York, New York